**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6187**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAHANEED OMAR GORDON, a/k/a Rider,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:13-cr-00059-GMG-RWT-1)

Submitted:  July 13, 2021                                           Decided:  July 22, 2021

Before WILKINSON, AGEE, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rahaneed Omar Gordon, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rahaneed Omar Gordon appeals from the district court's orders denying his motion for compassionate release and his motion for reconsideration. The district court ruled *inter alia* that, even if Gordon provided an extraordinary and compelling reason for release, the 18 U.S.C. § 3553 factors weighed against release. On appeal, Gordon asserts that the district court did not properly consider all the relevant factors. We affirm.

The district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239, if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). We review the district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). To commit an abuse of discretion, "a district court must act arbitrarily or irrationally, fail to consider judicially recognized factors constraining its exercise of discretion, rely on erroneous factual or legal premises, or commit an error of law." *Id.* at 332 (internal quotation marks and brackets omitted).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). First, the district court decides "whether 'extraordinary and compelling reasons'" for a sentence reduction exist. *Id.* at 1107 (quoting § 3582(c)(1)(A)(i)); *see Kibble*, 992 F.3d at 330. Second, the court considers whether granting "'a [sentence] reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" *Jones*, 980 F.3d at 1108 (quoting

2

§ 3582(c)(1)(A)). Third, the district court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, [a] reduction . . . is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (internal quotation marks omitted); *see* 18 U.S.C. § 3582(c)(1)(A).

Here, the district court concluded that, even if an extraordinary and compelling reason for release existed, the § 3553 factors counseled against release. In so doing, the district court relied on Gordon's serious conviction and criminal history, without providing any details. However, Gordon did not make any arguments regarding the § 3553 factors in his initial motion. In his motion for reconsideration, although he provided no details, he stated that he was convicted of a nonviolent offense and was not a danger to the public. He also argued that the district court erred in failing to specify the § 3553 factors considered. *See Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999) (stating issue presented in motion for reconsideration "is not preserved for appellate review unless the district court exercises its discretion to excuse the party's lack of timeliness").

While brief, we find that the district court's explanation for denying Gordon's motion for compassionate release allows for meaningful appellate review and that the denial was not an abuse of discretion. *See United States v. High*, 997 F.3d 181, 190 (4th Cir. 2021) (noting that district court need only "set forth enough to satisfy [this] court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review"). As a threshold matter, the district judge who considered Gordon's motion for release was the same judge who originally sentenced him in 2014. After hearing argument on the § 3553

3

factors, the court sentenced Gordon to the low end of the Sentencing Guidelines range, noting that Gordon was convicted as an adult of robbery when he was just 15-years-old. He then committed two additional robberies and, as a result, spent a significant amount of time in prison, which did not serve as a deterrent. The court considered that Gordon, at age 35, had no employment history and repeated convictions for violent crimes. The court concluded that he was a "dangerous offender" from whom society must be protected. *See id.* at 189 (noting that it is significant that the same judge presided over sentencing and the motion for reduction of sentence).

Further, Gordon did not present any evidence of "exceptional post-sentencing conduct" that required "a more robust and detailed explanation" by the district court. *See id.* at 190 (internal quotation marks omitted). In fact, Gordon did not discuss his post-sentencing conduct until his informal brief on appeal. Given the straightforward nature of Gordon's motion for compassionate release, Gordon's failure to timely raise any argument based upon post-sentencing conduct, and the fact that the district court judge had already balanced the § 3553 factors in a detailed manner at Gordon's original sentencing, we conclude that the district court's explanation allows for meaningful appellate review and that the court did not abuse its discretion in denying relief.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4